# Stout, Appellant, *v.* Speck.

*Equity—Pleadings—Responsive answer—Findings of fact—Review.*

Where on a bill in equity for an accounting under a contract, and to restrain foreclosure of a mortgage, the bill is met by a responsive answer, and at the trial the plaintiff's testimony is contradicted by that of the two defendants and by the written agreement between the parties, and the trial judge finds every important fact against the plaintiff, the appellate court will not reverse the decree dismissing the bill.

Argued Dec. 3, 1912. Appeal, No. 27, Oct. T., 1912, by plaintiff, from decree of C. P. Northampton Co., April T., 1910, No. 1, dismissing bill in equity in case of Abraham Stout *v.* Wm. W. Speck and Edgar W. Speck. Before RICE, P. J., HENDERSON, MORRISON, HEAD and PORTER, JJ. Affirmed.

Bill in equity for an accounting and to enjoin foreclosure of a mortgage.

STEWART, J., filed the following opinion:

### FINDINGS OF FACT

1. Abram Stout, the plaintiff, on September 1, 1906, and prior thereto, was the owner of certain land upon which the defendants built two houses, the land being more particularly described in the third paragraph of the bill, and has continued to be such owner from that time down to the filing of the bill.

2. On September 1, 1906, the plaintiff and the defendants entered into an agreement as follows: "Bethlehem, Pa., September 1, 1906. Dr. Abraham Stout, Dear Sir:— We agree to build a double brick house with rear addition and porches frame, including cesspool, bathroom and furnaces. The houses are for sale and if not sold, to be rented. The selling price to be made by Dr. Abraham Stout. The contract price of house is $4,800.00, for which

Willliam W. Speck holds a mortgage at six (6 per cent. rate of interest paid half yearly. It is understood that Mr. Abraham Stout draws all rents and pays insurance, taxes and interests, and if anything is left thereafter, the income is to be Dr. Abraham Stout's. If sale of property is a success, the plot of ground will be built up in this manner. (Signed) William W. Speck, Speck Bros. Abram Stout. P. S.—William W. Speck also agrees to rent the houses for Mr. Stout." The postscript on this agreement was added shortly after the date of the agreement.

3. On the day of the date of the agreement the plaintiff executed a bond and mortgage to one of the defendants, William W. Speck, for the sum of $4,800 which is the mortgage referred to in the above-mentioned agreement.

4. The defendants performed their part of the contract, and erected two houses upon the premises of the plaintiff, and one of the defendants, William W. Speck, collected the rents from the houses until November, 1909, since which time the plaintiff himself has received the said rents.

5. The defendants, Speck Brothers and William W. Speck, prior to the filing of the bill, submitted to the plaintiff statements of rents collected and moneys received by them, and all disbursements made by them.

### CONCLUSIONS OF LAW

1. Plaintiff has failed to overcome the effect of the responsive answer of the defendants in this case.

2. Plaintiff is not entitled to any relief in equity, and the bill must be dismissed.

### DISCUSSION

The defendants in this case have filed an answer which is entirely responsive to the plaintiff's bill, and in addition the exhibits show fully the exact state of the account between the parties. In the brief of the learned counsel for the plaintiff our attention was called to an alleged

admission that the labor and materials put into the house by the defendants are not worth more than $3,000. As we view the contract, it would be immaterial if this were the fact. There was no undertaking on the part of the defendants that the labor and materials be worth $4,800, but they do expressly aver in the eleventh paragraph of the answer, that the houses were properly erected in a good and workmanlike manner, and according to the contract between the plaintiff and them, and with plaintiff's approval and according to plans satisfactory to the plaintiff. In equity the effect of this answer is well understood. In Mason v. Smith, 200 Pa. 270, the syllabus is, "In equity a responsive answer is conclusive in favor of the defendant unless it is overcome by the testimony of two credible witnesses, or of one witness and such corroborating facts and circumstances as are equal to the testimony of another witness. A bill in equity for an accounting of an alleged partnership in the purchase of the stock of a corporation, cannot be sustained where the answer is responsive to the bill, and the only evidence as to partnership was the plaintiff's own testimony which was squarely contradicted by that of the defendant, and an analysis of plaintiff's testimony shows that in reality there was no partnership agreement, but at the most there was given to the plaintiff an option to join in the venture of which he did not avail himself, or there was a mutual understanding that he should be liberally rewarded if the enterprise was successful." In Real Estate & Mortgage Co. v. Cook, 223 Pa. 158, the syllabus is: "Where a bill in equity is filed by a partnership against a clerk in its employ to compel the transfer of certain shares of stock alleged to have been purchased by the defendant with moneys furnished by the plaintiffs, and the defendant files an answer denying that he had ever agreed to purchase the stock for plaintiffs, and avers that the moneys paid to him were moneys due him by the plaintiffs, and such responsive answer is met only by the uncorroborated testimony of one of the partners, the bill will be dismissed."

In addition the testimony of the plaintiff, in support of his allegations contained in the fourth, fifth and sixth paragraphs of the bill, is indefinite, and is specifically denied by both of the defendants.   Taking his testimony at the best and giving full weight to the facts as pleaded in the bill, the plaintiff has not made out his case under the authorities in Pennsylvania.   It is only necessary to refer to a few.   In Gloninger v. Hazard, 42 Pa. 389, it was held, "Courts of equity have concurrent jurisdiction with courts of law in matters of account, where the accounts are mutual and complicated, and on one side only, or where discovery is sought and is material to relief; but where the accounts are all on one side, and no discovery is sought or required, the case is not one for a court. of equity."    To the same effect are Kauffman's Appeal, 55 Pa. 383; Koch's Appeal, 9 W. N. C. 343; Passayunk Bldg. Association's Appeal, 83 Pa. 441; Pittsburg & Connellsville R. R. Co.'s Appeal, 99 Pa. 177, and Paton v. Clark, 156 Pa. 49. It may, however, be said that admitting that the account in this case is only on one side, that the bill prays for a discovery and should be sustained on that ground.   In Young v. Hoffman, 1 W. N. C. 198, where there was a prayer for discovery, and affidavits were furnished, the court said: "The complainant has now obtained the discovery sought for.   As to the rest of the relief sought, the remedy at law is adequate; hence we have no jurisdiction."   See also Graham v. Cummings, 208 Pa. 516, at page 532.   In Holland v. Hallahan, 211 Pa. 223, on page 226, Mr. Justice FELL said: "It is conceded that as there are no mutual accounts there would be no jurisdiction in equity if the prayer of the bill was for an accounting only.   It is argued, however, that jurisdiction should have been taken, although the accounts are unilateral, because of the need of discovery and the prayer for it.   Where there is no right to the main relief sought by a bill, and discovery is merely incidental to this relief, it will not be granted.   In a bill seeking an account and discovery, the discovery is prima facie incidental to the

account, and if a right to an account is not disclosed the bill will be held bad on demurrer: Notes to Wiggins v. Bisso, 5 Am. & Eng. Decisions in Equity, 65; Everson v. Equitable Life Assurance Co., 68 Fed. Repr. 258; Norwich & Worcester R. R. Co. v. Storey, 17 Conn. 364; Jewett v. Bowman, 29 N. J. Eq. Rep. 174.  In Everson v. Assurance Co., 68 Fed. Repr. 258, it is said: 'It would appear, therefore, that upon demurrer to a bill seeking both discovery and relief, it is sufficient to show that the complainant is not entitled to the relief which he prays and that the addition of a prayer for relief to a bill seeking discovery will render such discovery dependent upon the title to relief.'  In this case there was no right to an account and the right to discovery failed.  It is only where jurisdiction has properly attached for some purpose that a court of equity will retain it and dispose of connected topics of dispute."  The same idea was subsequently repeated by Mr. Justice ELKIN in Elk Brewing Co. v. Neubert, 213 Pa. 171, and he relies on the following quotation from Story's Eq., pages 70 et seq.: "It may be conceded that it is difficult under the authorities to draw the line between the cases when a bill for discovery, having also a prayer for relief, is entertained, and when refused. It is not open to doubt, however, that if discovery is used as a mere pretense to give jurisdiction, it would be a gross abuse to entertain a suit in equity when the whole foundation upon which it rests is either disproved or is shown to be a colorable disguise for the purpose of changing the forum of litigation."  The prayers for relief are for discovery, for accounting, for an injunction against proceeding on the mortgage, and for a receiver to make sale of the property, and to wind up the business between the parties, the proceeds to be paid to the parties hereto as they may appear to be equitably entitled to the same. All this relief is predicated upon expressions contained in exhibit "A," such as "The houses are for sale and if not sold to be rented," "If sale of property is a success the plot of ground will be built up in this manner."  These,

it is said, are corroborating facts and circumstances equal to the testimony of another witness to the plaintiff's contention. That the agreement is not drawn with that care which the magnitude of the enterprise demanded may be conceded, but suppose Speck Brothers were the complainants, and were alleging that they had an interest in this land, that it was worth $10,000, and that Dr. Stout was their trustee. Could they prevail? Would any court say that there were any of the elements either of trust or partnership? Is it not plain they could only get $4,800? Is it not equally plain that this is an ordinary building agreement? "We agree to build a double brick house." "The contract price of house is $4,800 for which William W. Speck holds a mortgage at six per cent. rate of interest half yearly." To contradict these plain provisions of the contract by parol testimony that would make it mean something entirely different, to wit, a building speculation, cannot be allowed. In addition the plaintiff says the defendants were to sell the houses. If that was so, why was the provision not inserted? Why was it omitted? There is no allegation of fraud or mistake in the bill. No explanation is given for the omission. The defendants deny they ever agreed to make any sale. A sale may have been talked about. No doubt it was the intention, but that is far from an agreement to sell. Plaintiff has not proven his case, and it would be contradictory to well-known rules of law to allow the alleged omissions from the contract to be supplied by parol testimony. It is unnecessary to prolong the discussion. Every matter raised here must be determined at law. The motion of the plaintiff for an accounting is denied, and the prayer of the answer that the bill be dismissed, is granted: Silvis v. Clous, 1 Pa. Superior Ct. 41. We were at first under the impression that the case should be disposed of under the provisions of the Act of June 7, 1907, P. L. 440, but the proviso, as construed in Adrian v. Fink, 226 Pa. 448, prevents the application of the act.

And now, April 3, 1911, this cause came on to be heard

at this term and upon consideration thereof it is ordered, adjudged and decreed that the relief prayed for in the bill, be denied, and that the bill of the plaintiff be dismissed at the cost of the plaintiff. The prothonotary will enter this decree "nisi" and give notice of same to the parties or their counsel, and if no exceptions are filed within ten days, this decree shall be entered by him as a final decree.

*Error assigned* was decree dismissing the bill.

*G. R. Booth*, with him *H. A. Cyphress*, for appellant.

*R. S. Taylor*, for appellees.

OPINION BY HEAD, J., February 27, 1913:

The bill of the plaintiff in the present case was met by a responsive answer supported by the oaths of both defendants. Upon the trial the plaintiff was compelled to rely upon his own testimony alone to establish the averments of fact on which his bill rested. Again he was confronted with the adverse testimony of both of the defendant witnesses, corroborated by the written agreement signed by the parties and by the mortgage which the plaintiff had executed and delivered. If the witnesses were credible, this testimony was convincing. The learned judge below found every important fact against the plaintiff. His findings, supported as they are by the oral testimony of the defendants and the instruments of writing already referred to, come to us with all the force of a verdict by a jury.

With the facts thus established, there is no warrant for any interference by a chancellor with the right of the mortgagee to have the benefit of his security. The opinion filed by the learned judge below in support of his findings exhibits sufficient reasons to support the conclusion he has reached, and we are all of opinion that the decree entered should not be disturbed.

Decree affirmed